UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| ARDITH DOBSON, | |
| Plaintiff, | Civil Action No. 7:09-CV-63-KKC |
| v. | |
| DAVID D. GRAY, ET AL., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Plaintiff Ardith Dobson is an inmate currently confined at the Federal Correctional Institution-Butner in Butner, North Carolina. Dobson filed this civil rights action *pro se* against Kentucky law enforcement officers Sheymleya, Ingles, Adams, and Hensley pursuant to 42 U.S.C. § 1983, and against federal law enforcement officer Gray pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] The Court has granted his motion to proceed without prepayment of the filing fee by separate Order. [R. 7]

The Court must review a complaint filed by a plaintiff who is permitted to proceed without prepayment of the filing fee or who is a prisoner seeking relief against government entities or officials. 28 U.S.C. §§ 1915(e)(2), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, his complaint is held to a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). When reviewing the complaint, the Court assumes that the facts alleged are true, and draws all reasonable inferences in the plaintiff's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court must dismiss any claim which fails as a matter of law. 28 U.S.C. § 1915(e)(2).

I.      **Factual Background**

In this action, Dobson alleges that the officers trespassed on his private property in Knott County, Kentucky, without a search warrant, to place and monitor surveillance cameras which captured footage of him cultivating marijuana, resulting in his arrest and conviction of federal drug charges. Dobson indicates that these actions occurred between April 23, 2007 and June 21, 2007. On June 21, 2007, the officers encountered Dobson on the property, and cut the locks from a gate barring entry with Dobson's verbal consent. The officers then collected footage from the video cameras, which showed Dobson tending the marijuana plants on June 12, 2007. This footage provided the basis for an affidavit sworn out by Defendant Gray for Dobson's arrest. Dobson was subsequently charged with and convicted of cultivating marijuana in violation of 18 U.S.C. § 841(a)(1). *United States v. Dobson*, 07-CR-21-GFVT, Eastern District of Kentucky.

Dobson filed his Complaint in this matter on April 28, 2009, in which he contends the officers violated his rights under the Fourth Amendment to the Constitution of the United States, the Kentucky Constitution, and several Kentucky statutes. Dobson seeks $2 million in damages.

II.     **Discussion**

Dobson's Complaint must be dismissed with prejudice because the claims he seeks to assert under the federal Constitution are barred by the statute of limitations and the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and the claims he seeks to assert under the Kentucky Constitution and Kentucky statutes do not state a cognizable claim under the civil rights statute.

   A.      **Dobson's civil rights claims are barred by the statute of limitations.**

The searches described in Dobson's Complaint occurred between April 23, 2007 and June 21, 2007. On the latter date, Dobson personally encountered the officers as they were entering the

2

property to maintain the surveillance cameras and collect the footage, and consented to their entry onto the property. Dobson filed his Complaint in this action on April 28, 2009.[1]

Section 1983 does not provide its own statute of limitations; federal courts therefore "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Because the events complained of occurred in Kentucky, Kentucky law supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989).

Any cause of action for Dobson accrued when he knew or had reason to know of the injury that provided the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights). Dobson became actually aware of the defendants' activities no later than June 21, 2007, when he encountered them on his property, and his cause of action therefore accrued no later than that date. However, Dobson did not file this action until April 28, 2009, nearly two years after that date, and his claims are therefore time-barred.

## B. Dobson's civil rights claims are barred by *Heck*.

Even had Dobson timely filed this action, his claims challenge the legality of defendants' entry onto his land, which resulted in the collection of evidence used to convict him of a crime. In *Heck*

---

[1] The Clerk of the Court did not docket this action until May 7, 2009. However, because Dobson is a prisoner in custody, he is entitled to the benefit of the "prison-mailbox" rule articulated in *Houston v. Lack*, 487 U.S. 266, 270 (1988), and his Complaint is deemed filed as of the date he signed it and delivered it to prison officials for mailing.

*v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff cannot assert a constitutional claim under Section 1983 which would call into question the validity of a criminal conviction unless and until that conviction had been reversed on direct appeal, expunged, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 487. Dobson's allegations against the officers plainly challenge the propriety of their search of his property, which under *Heck* may not be asserted unless and until Dobson convinces a court of competent jurisdiction to vacate that sentence on grounds which undermine the validity of the search. *Johnson v. Arndt*, 2005 WL 348409 (9th Cir. 2005) (arrestee was barred under *Heck* from bringing illegal seizure and wrongful arrest claims against police officers where success on claims would have necessarily implied invalidity of his convictions, and arrestee had not demonstrated that those convictions had been overturned); *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (same).

      C.     **Violations of Kentucky Constitution or statutes do not state a civil rights claim.**

By its terms, 42 U.S.C. § 1983 only provides a remedy for violation of a person's rights under the federal Constitution and statutes; it cannot be used to vindicate rights created by state statutes or a state constitution. *California v. LaRue*, 409 U.S. 109, 110 n.1 (1972) (claim that California Department of Alcoholic Beverage Control exceeded the authority granted to it by California Constitution by regulating type of entertainment that might be presented in bars and nightclubs that it licensed was a matter of state law not cognizable in action under Civil Rights Act); *Ortega v. Ragen*, 216 F.2d 561 (7th Cir. 1954) (violation of state law is not sufficient to state a cause of action under Section 1983); *Lecrenski Bros. Inc. v. Johnson*, 312 F.Supp.2d 117 (D. Mass. 2004) (Section 1983 does not provide remedy for violation of rights secured by state constitution). These claims must therefore

be dismissed with prejudice for failure to state a claim under Section 1983.

**III.**     **Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

3. The Court will enter an appropriate judgment.

Dated this 3rd day of June , 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge